LOTTINGER, Judge.
This is a tort action instituted against the Audubon Insurance Company liability insurer of J. D. Blackwell, and the Travelers Indemnity Company, liability insurer of Donnie D. Wascom, for injuries sustained by the plaintiff resulting from a collision involving an automobile operated by Blackwell and one driven by Wascom, the plaintiff being a guest passenger in the latter. The accident occurred on May 5, 1956, at about one o’clock P.M. on U. S. Highway No. 51 in or near Kentwood, Louisiana. It appears that immediately before the accident the Wascom vehicle was being driven in a northerly direction and that Blackwell’s vehicle was approaching in a southerly direction on the aforementioned highway.
The Travelers Indemnity Company first filed an exception of jurisdiction and venue and before this exception was passed upon, the plaintiff, James Moss, voluntarily dismissed his suit as to this defendant. Subsequently, the Audubon Insurance Company filed a third party petition against the Travelers Indemnity Company praying that it recover from said third party defendant one-half of all sums that Audubon might be adjudged to pay in favor of the plaintiff. To this petition, Travelers Indemnity Company filed contemporaneously exceptions of no right or cause of action, res judicata and an exception of jurisdiction and venue. These exceptions were overruled prior to trial on the merits.
Following trial in the court below, judgment was rendered in favor of the plaintiff and against the Audubon Insurance Company awarding the plaintiff the sum of $5,000, which said judgment further dismissed the petition of the third party plaintiff, Audubon Insurance Company, rejecting its third party demands against the Travelers Indemnity Company. From this judgment, the third party plaintiff, Audubon Insurance Company, has perfected an appeal. The Travelers Indemnity Company, third party defendant, has answered the appeal praying that the judgment of the trial court overruling its exceptions be set aside and the third party petition of Audubon Insurance Company be dismissed on said exceptions, the judgment in all other respects being correct.
The trial judge rendered written reasons for judgment wherein he commented upon and evaluated the testimony as follows :
“James Moss, plaintiff herein, started out to testify that as a guest passenger in a car driven by his son-in-law *441 Donnie Wascom, proceeding north into the town of Kentwood, Louisiana, he was injured when a car driven south on the same road by J. D. Blackwell came suddenly and without warning to Blackwell’s wrong side of the road from behind a truck also going south, causing the Wascom and the Blackwell cars to collide. Upon being further questioned plaintiff frankly admitted that he did not see Blackwell’s car come from behind the truck. Actually, plaintiff said, as the Wascom car met the truck and as the truck passed going south, he was looking out to his right at a Mr. Wall who was standing by the road in front of Wall’s service station, and when he (the plaintiff) looked to the front the cars collided and plaintiff’s head went through the windshield. The plaintiff explained that the reason he said the Blackwell car came from behind the truck is that the Blackwell car had to come from behind the truck because it was not in front of the Wascom car before they met the truck. Plaintiff’s deductions in that respect are correct.
⅝ ⅜ ⅜ ⅜ ‡ ⅝
“As mentioned above herein the plaintiff himself did not actually see how the accident happened. The sum and substance of the testimony of Donnie Wascom, the driver of the car in which plaintiff was riding, was that he was traveling north about 30 miles per hour; that he met the truck loaded with pulpwood on the truck’s right side of the road; that he could not or did not see any car behind the truck; that while his car and the truck were in the act of passing each other Blackwell coming behind the truck pulled to his left partly over the center line.; that he (Wascom) applied his brakes but there was not enough time in which to avoid the collision. Wascom could not describe the position of the cars after they came to rest and he did not examine them to determine what portions came together.
“J. D. Blackwell testified that he had left his place of business two and one-half blocks north of the scene; that he was driving about 15 miles per hour on his right side of the road behind the truck; that there were several cars going south ahead of the truck; that he intended to turn left about 100 yards further south at Wall’s Cafe to eat lunch; that immediately before the accident he pulled to his left to look down the road to determine whether the road would be clear to make the turn off the road at the cafe and the other car was right there ‘balling the jack to me’; that he had his foot on the brake pedal already and his car skidded about 4 to 6 feet and the other car skidded about 16-18 feet as the cars came together; that his car was shoved back and stopped with the rear wheels off the pavement on the west, his right side and the left front wheel about 6 feet over the center line; that the other car stopped a little to the south of his car astraddle of the center line facing north; that he actually didn’t know whether any part of his car went over the center line before the collision but he did not think it did.
“Duncan Womack, the town marshal, came to the scene after the collision. He testified as to the position of the cars after they stopped. He was called to testify twice. There is some inconsistency in his testimony on the two occasions. He said he found most of the broken glass and other debris on the center line of the road.
“The testimony to which I ascribe the most weight and which decides the issue of fault as far as this court is concerned is that of Tom Wall. Mr. Wall did not know the plaintiff or Wascom, but he evidently was very friendly with Blackwell. He was *442 somewhat evasive in his answers to some questions on cross-examination, but for the most part those particular questions did not pertain to the accident. Wall was standing in front of his place of business and saw the whole thing and his testimony seems to me to be exactly as he saw it. He said the cars were traveling at about the same speed and neither was going very fast; that when the drivers were able to see each other after the truck passed there was not over 20 feet between them and Blackwell came over to his left just far enough to 'tie into’ the Wascom car; that the debris from the cars was over about one-third of the northbound traffic lane; that the Wascom car was going straight ahead and the whole front end of Blackwell’s car came to Blackwell’s left or east side of the road, over the center line.
' “The allegations are made that Was-com was speeding. The town "marshal said there was a street sign limiting the speed to 25 miles per hour a short distance south of the scene of the accident. The few miles in excess of that speed at which the Wascom car was traveling was not the proximate cause of the accident. I find that neither Wascom nor the plaintiff was guilty of any negligence and that Blackwell committed gross negligence, causing the collision, when he drove to his left side of the road in the path of the Wascom car. If Blackwell was only wanting to look down the road to see if he could turn out at a point 300 feet further south, he could have slowly eased his car to his left to look without interfering with oncoming traffic. My guess is that Blackwell intended to leave the road where the collision took place.”
A reading of the record reveals ample substantiation of the factual findings of the trial judge to the effect that the proximate cause of the accident was negligence of Blackwell in driving from his lane into the path of the Wascom vehicle. Having so decided, it is unnecessary to pass upon the various exceptions filed by the third party defendant, the Travelers Indemnity Company.
As stated above, the trial judge awarded the plaintiff the sum of $5,000, being the full amount of Audubon’s policy limits. As Audubon Insurance Company has appealed only insofar as the rejection of its third party complaint is concerned, the question of' quantum is not before us.
Finding no manifest error in the judgment appealed from the judgment is hereby affirmed.
Judgment affirmed.